UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARISOL RAMOS,

       **Plaintiff,**

v.                                      **Case No.:**

ACUTE PATIENT CARE INC., a corporation,
AJAZ AFZAL, IVETTE ORTIZ
and RACHEL HOUSER, individuals.

       **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARISOL RAMOS, by and through undersigned counsel, brings this action against Defendants, ACUTE PATIENT CARE INC., a corporation, AJAZ AFZAL, IVETTE ORTIZ and RACHEL HOUSER, individuals ("Defendants"), and in support of her claims states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and for IRS violations under 26 U.S.C. § 7434.

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Osceola County, Florida.

## PARTIES

4.      Plaintiff is a resident of Osceola County, Florida.

5.      Defendants operate an acute patient care facility in Kissimmee, in Osceola County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10.     At all times material hereto, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11.     Defendants continue to be "employers" within the meaning of the FLSA.

12.     Defendant AJAZ AFZAL is the Director of ACUTE PATIENT CARE, INC., while IVETTE ORTIZ and RACHEL HOUSER are the Office Manager and Nurse Practitioner, respectively.

13.     Defendants AJAZ AFZAL, IVETTE ORTIZ and RACHEL HOUSER were employers in that they directly controlled Plaintiff's work schedule and were directly responsible for paying her wages.

14.     At all times material hereto, Defendant ACUTE PATIENT CARE INC. was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15.     At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16.     At all times relevant to this action, the annual gross sales volume of Defendant ACUTE PATIENT CARE INC. exceeded $500,000 per year.

17.     At all times material hereto, Plaintiff, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's minimum wage or overtime provisions under 29 U.S.C. § 213.

18.     Specifically, Plaintiff was not employed by Defendants in a bona fide administrative, executive, or professional capacity. In particular, Plaintiff had no authority to hire or terminate any other employee of Defendants; she had no special or professional qualifications and skills for the explicit use of which she was employed by Defendant; and she had no control whatsoever over Defendants' business operations, even from an administrative standpoint.

19.     Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

20.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

21.     Plaintiff began working for Defendants as a nursing assistant in January 2002, and she worked in this capacity until January 2016.

22.    At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

23.    Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

24.    Specifically, Defendants only paid Plaintiff a wage equal to her normal hourly rate for overtime hours worked.

25.    Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA and 26 U.S.C. § 7434.

26.    Additionally, Defendants frequently paid Plaintiff under the table in cash for any overtime hours worked.

27.    Defendants intentionally filed false tax papers with the IRS that failed to report all the monies that they paid to Plaintiff.

28.    Defendant's actions were willful, and showed reckless disregard for the provisions of 26 U.S.C. § 7434.

## COUNT I – FLSA OVERTIME VIOLATION

29.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30.    During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

31.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32.     As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a)      Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b)      Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c)      An equal amount to Plaintiff's overtime damages as liquidated damages;

d)      To the extent liquidated damages are not awarded, an award of prejudgment interest;

e)      A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f)      All costs and attorney's fees incurred in prosecuting these claims; and

g)      For such further relief as this Court deems just and equitable.

## COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS 26 U.S.C. § 7434 (a)

33.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint as though fully set forth herein.

34.     Pursuant to 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person,

such other person may bring a civil action for damages against the person so filing such a

return." 26 U.S.C. § 7434

**WHEREFORE**, Plaintiff demands:

(a)     Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff and damages resulting from the additional tax debt and additional time/expenses associated with any necessary correction.

(b)     That Defendants be ordered to take all the necessary steps to correct the above identified information returns;

(c)     All costs and attorney's fees incurred in prosecuting these claims; and

(d)     For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this __11th__ day of August, 2016.

Respectfully submitted,

_____
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
E-mail: twells@wfclaw.com
**Attorneys for Plaintiff**