## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MARISOL RAMOS,**

**Case No.: 6:16 cv 1437 orl 40 GJK**

            **Plaintiff**

**v.**

**ACUTE PATIENT CARE, INC., a corporation,**
**AJAZ AFZAL, IVETTE ORTIZ**
**and RACHEL HOUSER, individuals.**

            **Defendants.**

_____/

## DEFENDANT RACHEL HOUSER'S
## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, RACHEL HOUSER ("Defendant Houser"), by and through her undersigned counsel, and hereby files her Answer and Affirmative Defenses to the Complaint brought against her by Plaintiff MARISOL RAMOS ("Plaintiff"). In doing so, Defendant Houser responds to each and every allegation in the enumerated paragraphs of Plaintiff's Complaint. All allegations not expressly admitted are hereby denied.

## JURISDICTION AND VENUE

1.    The allegations contained in paragraph 1 represent legal conclusion, to which no response is required. Otherwise, denied.

2.    Defendant Houser admits the allegations contained in paragraph 2 for jurisdiction purposes only, Otherwise, denied.

3.    Defendant Houser admits the allegations contained in paragraph 3 for venue purposes only, Otherwise, denied.

## **PARTIES**

4.      Defendant Houser lacks knowledge sufficient to form a belief of the truth of the allegations contained in paragraph 4 and, therefore, denies same.

5.      Defendant Houser admits the allegations contained in paragraph 5.

## **GENERAL ALLEGATIONS**

6.      Defendant Houser lacks knowledge sufficient to form a belief of the truth of the allegations contained in paragraph 6 and, therefore, denies same.

7.      Defendant Houser lacks knowledge sufficient to form a belief of the truth of the allegations contained in paragraph 7 and, therefore, denies same.

8.      Defendant Houser lacks knowledge sufficient to form a belief of the truth of the allegations contained in paragraph 8 and, therefore, denies same.

9.      The allegations contained in paragraph 9 represent legal conclusion, to which no response is required. Otherwise, denied.

10.      The allegations contained in paragraph 10 represent legal conclusion, to which no response is required. Otherwise, denied.

11.      The allegations contained in paragraph 11 represent legal conclusion, to which no response is required. Otherwise, denied.

12.      Defendant Houser admits the allegations contained in paragraph 12.

13.      Defendant Houser denies the allegations contained in paragraph 13.

14.      The allegations contained in paragraph 14 represent legal conclusion, to which no response is required. Otherwise, denied.

15.      The allegations contained in paragraph 15 represent legal conclusion, to which no response is required. Otherwise, denied.

16.     Defendant Houser lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and, therefore, denies same.

17.     The allegations contained in paragraph 17 represent legal conclusion, to which no response is required. Otherwise, denied.

18.     Defendant Houser admits the allegations contained in paragraph 18.

19.     The allegations contained in paragraph 19 represent legal conclusion, to which no response is required. Otherwise, denied.

20.     Defendant Houser denies the allegations contained in paragraph 20.

## FACTS

21.     Defendant Houser denies the allegations contained in paragraph 21.

22.     Defendant Houser denies the allegations contained in paragraph 22.

23.     Defendant Houser denies the allegations contained in paragraph 23.

24.     Defendant Houser denies the allegations contained in paragraph 24.

25.     The allegations contained in paragraph 25 represent legal conclusion, to which no response is required. Otherwise, denied.

26.     Defendant Houser denies the allegations contained in paragraph 26.

27.     Defendant Houser denies the allegations contained in paragraph 27.

28.     The allegations contained in paragraph 28 represent legal conclusion, to which no response is required. Otherwise, denied.

## COUNT I – FLSA OVERTIME VIOLATION

29.     Defendant Houser re-asserts its responses to paragraphs 1-28.

30.     Defendant Houser denies the allegations contained in paragraph 30.

31.     The allegations contained in paragraph 31 represent legal conclusion, to which no response is required. Otherwise, denied.

32.     Defendant Houser denies the allegations contained in paragraph 32 and all of its subparts.

**COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING**
**OF INFORMATION RETURNS 26. U.S.C.§ 7434 (a)**

33.     Defendant Houser re-asserts its responses to paragraphs 1-28.

34.     The allegations contained in paragraph 34 represent legal conclusion, to which no response is required. Otherwise, denied.

Defendant Houser denies Plaintiff is entitled to any of the relief requested in her WHEREFORE clause.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's allegations fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the doctrine of accord and satisfaction as she has been paid a lawful wage for all hours worked.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred under the doctrine of payment as she has been paid a lawful wage for all hours worked.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff did not engage in commerce or the production of goods for commerce.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant APC is not an enterprise engaged in commerce or in the production of goods for commerce.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for unpaid overtime is barred because she was paid 1.5 timers her regular rate for all hours worked for Defendant APC in excess of forty (40) in any given work-week.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff is found to be due wages, she is not entitled to an award of liquidated damages because, at all times material hereto, Defendant Houser, to the extent she is determined to be a statutory employer, had reasonable grounds for believing that her conduct complied with the Fair Labor Standards Act and other relevant laws. Any act or omission by Defendant Houser was in good faith and Defendant Houser had reasonable grounds for believing her act(s) or omission(s) was not a violation of the law.

## EIGHTH AFFIRMATIVE DEFENSE

Even if Plaintiff is found to be due wages, Defendant Houser's actions, to the extent she is determined to be a statutory employer, were not willful in that she did not know or act with reckless disregard that they were in violation of the law. Accordingly, the statutory period should be limited to two (2) years from the filing of Plaintiff's Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for unpaid overtime are barred, in part because, even if she did work hours in excess of forty (40) in any given work-week, to the extent Defendant Houser is determined to be a statutory employer, it was without the knowledge or consent of Defendant Houser.

**TENTH AFFIRMATIVE DEFENSE**

Should Defendant Houser prevail, in whole or in part, she will seek an award of her attorneys' fees and costs incurred in obtaining such relief pursuant to the applicable provision of the FLSA.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant Houser is not a proper statutory employer of Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant Houser is an Independent Contractor for Defendant APC. As such, she has no liability under the FLSA.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of September, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a copy via email to the following: Luis A. Cabassa, Esq., Wenzel, Fenton, Cabassa, P.A., 1110 N. Florida Avenue, Suite 300,. Tampa, Florida 33602 to lcabassa@wfclaw.com and twells@wfclaw.com.

*/s/ John W. Bolanovich*
John W. Bolanovich
Fla. Bar No. 143707
Bogin, Munns & Munns, P.A.
2601 Technology Drive
Orlando, FL 32804
(P.O. Box 2807, Orlando, FL 32802)
Telephone: (407) 578-1334
Facsimile:   (407) 578-2181
Primary E-mail: jbolanovich@boginmunns.com
Secondary E-mail: bmmservice@boginmunns.com
Alternate E-mail: dskora@boginmunns.com
Counsel for Defendants