**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARISOL RAMOS,**

      **Plaintiff,**

v.                                               Case No:   6:16-cv-1437-Orl-40GJK

**ACUTE PATIENT CARE, INC., AJAZ**
**AFZAL, IVETTE ORTIZ, and RACHEL**
**HOUSER,**

      **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS WITH PREJUDICE (Doc. No. 33)**
>
> **FILED:**     **January 10, 2017**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

**I.  FACTUAL BACKGROUND**

On August 11, 2016, Plaintiff filed a complaint (the "Complaint") against Defendants. Doc. No. 1. Count I alleges unpaid overtime in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. *Id.* at 4-5. Count II alleges fraudulent filing of information returns under 26 U.S.C. § 7434(a). *Id.* at 5-6. On October 20, 2016, Plaintiff filed her answers to the Court's interrogatories. Doc. No. 28. In her answers, Plaintiff claims a total of $5,792 in damages (excluding liquidated damages, fees, and costs) *Id.* at 2. On January 10, 2017, the parties filed their

Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (the "Motion"). Doc. No. 33. In the Motion, the parties represent that they have reached a settlement with respect to all claims. *Id.* at 1. Accordingly, the parties request the Court approve their attached settlement agreement (the "Agreement") and enter an order dismissing all claims with prejudice. *Id.* The matter has been referred to the undersigned for a report and recommendation. Doc. No. 8. For the reasons that follow, the undersigned recommends that the Motion be granted, the Agreement be approved, and the case be dismissed with prejudice.

## II.   APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[2] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.</u>

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

### III. ANALYSIS

#### A. The Settlement Terms Generally

As stated above, Plaintiff claims a total of $5,792 in damages (excluding liquidated damages, fees, and costs). Doc. No. 28 at 2. Under the Agreement, in exchange for a future employment waiver, general release, confidentiality provision, and non-disparagement provision, Plaintiff has agreed to accept a total amount of $5,000 plus a release from an automobile loan owed to Defendants (the "Auto Release"). Doc. No. 33-1 at 2-4. With regard to the Auto Release, the parties state:

> <u>Pursuant to the Court's FLSA Scheduling Order, which</u> the parties readily acknowledge <u>requires a thorough explanation of why the broad general release, confidentiality provision, and/or non-</u>

> <u>disparagement provisions are included and made part of the [Agreement], the [p]arties respectfully submit that unlike most FLSA [p]laintiffs who merely recover *some* of what they are owed, here Plaintiff recover[ed] almost entirely *all* that she was owed (excluding liquidated damages), PLUS a much-needed release on money owed to Defendant as to her automobile.</u> Thus, the [p]arties respectfully submit that they have sufficiently included within [the Motion], as requested by the Court, "how the inclusion of these provision affects the fairness and reasonableness of the [Agreement]."

Doc. No. 33 at 6 (emphasis added). Thus, the parties state that Plaintiff's recovery of almost all of the FLSA damages she claimed plus the Auto Release constitute adequate consideration for the general release, confidentiality, and non-disparagement provisions. *Id.* The undersigned finds that Plaintiff's partial recovery of her FLSA claim (which did not include liquidated damages) is not adequate consideration for these provisions. Nevertheless, while the Agreement itself does not explicitly state that the Auto Release is given as consideration for the provisions, the Court interprets the parties' statements in the Motion as reflecting such an intention. *See Id.* at 3 (noting that the Auto Release was critical to the settlement and Plaintiff's attorneys received no additional compensation for securing the same). Accordingly, it appears the Auto Release constitutes consideration for the general release, confidentiality, and non-disparagement provisions.[5]

### B. Consideration for FLSA Claims and Waiver of Future Employment Clause

As stated above, Plaintiff has agreed to accept $5,000 and the Auto Release in exchange for a future employment waiver, general release, confidentiality, and non-disparagement provisions. Doc. No. 33-1 at 2-4. In her answers to the Court's interrogatories, Plaintiff claims a total of $5,792 in damages (excluding liquidated damages, fees, and costs). Doc. No. 28 at 2. Thus, Plaintiff has compromised her claims under the FLSA. *See Caseres v. Texas de Brazil (Orlando)*

---

[5] There is no need to further analyze whether the single Auto Release can serve as separate consideration to three separate provisions in the Agreement. The undersigned finds that such an analysis would be outside the scope of review required by *Lynn's Food Stores, Inc.*

- 6 -

*Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*").

The case involves disputed issues of FLSA liability, which constitutes a bona fide dispute. Doc. No. 33 at 2-3. After considering the risks and potential costs of protracted litigation, the parties decided to settle their dispute amicably. *Id.* The parties are represented by independent counsel, who are experienced in handling FLSA claims. *Id.* at 5. The settlement amount was the result of arms-length negotiations between counsel and was based on the exchange of Plaintiff's time and pay records. *Id.* Considering the foregoing, and the strong presumption favoring settlement, the undersigned finds the settlement amount to be fair and reasonable.[6]

### C. Consideration for the General Release, Confidentiality, and Non-Disparagement Provisions

The Agreement contains a mutual general release. Doc. No. 33-1 at 4-6. The general release states:

> This waiver of claims and release should be construed as broadly as possible to release all possible claims, debts, obligations, demands, judgments, or causes of action of any kind whatsoever, whether known or unknown, that may legally be waived.

Doc. No. 33-1 at 5 (emphasis added). Thus, the general release is to be construed as broadly as possible to release all claims Plaintiff has against Defendants whether known or unknown that may be legally waived. *Id.* The Agreement also contains mutual confidentiality and non-disparagement

---

[6] The Agreement contains a waiver of future employment clause in which Plaintiff agrees to not knowingly seek reemployment with Defendants, the released parties, or with entities owned by Defendant's current owners. Doc. No. 33-1 at 2. Plaintiff also agrees to rescind her application (upon notice) should she unknowingly apply for employment with the released parties. *Id*. The undersigned finds that future employment waivers are different from general releases, in that Plaintiff, as a former employee of Defendants, knows exactly what she is relinquishing when she agrees not to seek future employment with Defendants. After reviewing the Agreement, the undersigned finds no indication that the future employment waiver undermines the fairness of the Agreement. Accordingly, the undersigned finds the waiver of future employment provision to be fair and reasonable.

provisions. Doc. No. 33-1 at 4. The mutual confidentiality provision precludes Plaintiff from discussing the terms of the Agreement with anyone other than Plaintiff's accountant, attorneys, the Internal Revenue Service, the Florida Department of Economic Opportunity, and the Florida Department of Revenue. *Id.* The mutual non-disparagement provision prohibits Plaintiff from making any disparaging statements about Defendants. *Id.*

Courts within this District have questioned the propriety of such provisions on the fairness and reasonableness of an FLSA settlement. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release – that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). *See also Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (finding that nondisclosure provisions in FLSA settlement agreements "thwart…Congress's intent to ensure widespread compliance with the FLSA") (internal quotations omitted); *Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (noting that non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority). Nevertheless, courts have approved such provisions when separate consideration is given. *See Middleton v. Sonic Brands L.L.C.*, Case No.

6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release); *Bright v. Mental Health Resource Center,* No. 3:10–cv–427–J–37TEM, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clauses); *Caamal v. Shelter Mortg. Co., LLC*, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500 as separate consideration for a non-disparagement clause).

The undersigned finds the general release, confidentiality, and non-disparagement provisions to be reasonable for two reasons. First, the Defendants have provided separate consideration for the provisions, i.e., the Auto Release. *See supra* pgs. 5-6. As already established, courts within this District have approved these provisions when Plaintiff has been provided separate consideration. *See Middleton*, 2013 WL 4854767 at *3 (approving a general release with $100 as separate consideration); *Smith*, 2014 WL 5690488, at *3-4 (approving confidentiality and non-disparagement clauses after plaintiff was provided separate consideration).

Second, the parties provided statements as to why the provisions were included in the Agreement. The parties state that Plaintiff's attorneys received no additional compensation for negotiating and securing the Auto Release, and that the Auto Release "was absolutely critical in resolving this case" Doc. No. 33 at 3. As stated above, while the Agreement itself does not explicitly state that the Auto Release was given as consideration for the general release, confidentiality, and non-disparagement provisions, the Court has interpreted the parties'

statements as reflecting such an intention. *See supra*, pgs. 5-6. Accordingly, the undersigned finds the general release, confidentiality, and non-disparagement provisions are fair and reasonable.

### D. Attorneys' Fees

Under the Agreement, Plaintiff's counsel will receive $5,000 in attorneys' fees. Doc. No. 33-1 at 3. The parties represent that attorneys' fees and costs were negotiated separately from Plaintiff's recovery. *Id.* Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the undersigned finds the Agreement's attorneys' fee provision to be fair and reasonable.

### IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion (Doc. No. 33) to the extent that the Court finds the Agreement to be a fair and reasonable resolution of Plaintiff's claims; and
2) **APPROVE** the Agreement (Doc. No. 33-1); and
3) **DISMISS** the case with prejudice; and
4) Direct the Clerk to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida on April 6, 2017.

                                                          _____
                                                                        GREGORY J. KELLY
                                                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy